By the Court:
When a copy of a deed, signed by the recorder, is offered in evidence instead of the original, its admissibility depends upon the fact whether'the original has regularly been admitted to record; for the mere fact of recording a deed, without the legal requisites, gives it no validity.
The statute, providing for the execution and acknowledgment of deeds, which was in force when this deed was recorded, required that the execution of all deeds for the conveyance of lands should be acknowledged by the grantor, or proved by the subscribing witnesses, before some judge or justice of the peace, and recorded in the proper county. The acknowledgment or proof is nothing unless it be taken by an authorized officer, and whether the person be authorized or not, is a fact which ought to appear in the certificate *of the officer himself. This, prima facie, would be sufficient to authorize the record and to throw the proof on the person impeaching the deed. In this case nothing of the kind appears in the certificate or attached to the subscription, consequently the deed was not duly recorded and the copy can not be received as evidence.
Proof, distinct from the certificate upon which the record was *50 made that the person who made the acknowledgment was, in fact, a justice duly qualified, could not be received at the trial, because it was a copy, and not the original, to which the evidence was intended to be applied. We do not decide what would be the law had the original deed been in court, and proof offered that the person who took the acknowledgment was a justice. We think it clear, that in the case of a copy such proof can not be received. The record being irregular the original is not proved, and until that is done a copy can not be used. The court decided correctly in rejecting the testimony, and the motion for a new trial must be overruled.†

NoTJS by the Editor. — The law of this case is recognized in the case of lessee of Livingston v. McDonald, ix. 168.