JACKSON, ex dem. M'CRACKIN, against S. WRIGHT.

SAME, ex dem. THE SAME, against S. WRIGHT, JUN.

THIS was an action of ejectment, brought to recover 200 acres of land, on the west side of lot No. 60, in the town of *Sterling.* The cause was tried before Mr. Justice *Yates,* at the *Cayuga* circuit, in 1816,

*Peter Boise,* by deed poll, dated the 5th of *July,* 1794, and which was recorded on the 12th of *June,* 1807, wherein he is described as late private in the first *New-York* regiment, in consideration of forty pounds, granted, bargained, sold, and quit-claimed to the lessor of the plaintiff, in fee, " all that military right, or parcel of land, granted to him as bounty lands, for his services in the regiment aforesaid, during the late war." The deed contained no covenants or warrantry.

On the 2d of *April,* 1806, an act was passed by the legislature of this state, entitled, ".An act, for the relief of *Peter Boise,* and others," by which it was enacted, " that it shall and may be lawful for the commissioners of the land office, and they are hereby required, to grant letters patent to *Peter Boise,* late a soldier in the first *New-York* regiment, commanded by Colonel *Goose Van Schaick,* in the line of the army of the *United States,* and his heirs and assigns forever, for the quantity of two hundred acres of land, in the tract set apart for the use of the line of this state, serving in the army of the *United States,* as a gratuity for his services and sufferings in the late revolutionary war, provided that the grant shall be to the said *Peter Boise,* during his life only, and, afterwards, to his heirs in fee." In pursuance of this act, letters patent, bearing date the 20th of *November,* 1806, for the premises in question were issued to *Peter Boise,* under the great seal of the state.

Where A., a sol-dier in the *New-York* line, during the revolutionary war, by deed, dated in 1794, without warranty, granted the military right granted to him as bounty lands, for his services in the late war, and afterwards by an act of the legislature, passed in 1806, two hundred acres of land were directed to be granted to A., as a gratuity for his services and sufferings in the revolutionary war, in pursuance of which, a patent was issued to A.; it was held that A's grantee under the deed in 1794, was not entitled to that land, as the deed only related to land to which A. was entitled under the concurrent resolutions of the legislature. No title, not in esse, will pass by deed of bargain and sale, unless it contain a warranty, in which case it will operate as an estoppel.

The judge ruled, that the act of the legislature above mentioned, was a private act, and that the deed from *Boise* to the lessor of the plaintiff, being prior in date to the patent, did not entitle him to recover. A verdict was accordingly rendered for the defendant.

The plaintiff moved for a new trial, and the case was submitted to the court without argument.

SPENCER, J. delivered the opinion of the court. The decision of the judge at the circuit, was correct, on two grounds :

1. The grant, under the private act of the 2d of *April*, 1806, to *Peter Boise*, of 200 acres of land, part of lot 60, in *Sterling*, cannot, in any point of view, be considered as lands coming within the description and intention of the parties, as manifested by the deed from *Boise* to the lessor of the plaintiff. The deed grants the military right, or parcel of land granted as bounty lands for services during the revolutionary war, and is dated in *July*, 1794. The lands in question were not granted as bounty land; 1st. Because it is declared to be a gratuity for services, and sufferings : 2d. The bounty lands referred to in the deed were such as had been promised by the state, under the concurrent resolutions of the legislature, and would have comprehended 500 acres. (2d *Greenl. ed. Laws*, 332.)

2. The deed from *Boise* to *M'Crackin* is a bargain and sale, and quit claim, and he had then no title to convey in the premises ; and no title, not then *in esse*, would pass, unless there was a warranty in the deed; in which last case, it would operate as an *estoppel*, for avoiding circuity of action. (*Co. Lit. sect.* 446. 265. *a.* and *b.* 3 *Johns. Rep.* 366.)

It is a mistake to suppose the deed operative under the act, (2d *Greenl. ed. Laws*, 332.,) for the conveyances rendered valid under the fifth section of that act, are such only as were given for lands granted under that act.

Motion denied.