Opinion of the court, by
Iudge Lane:
The case presented for the decision of the court, as agreed by the parties, is this: In August, 1811, John Patterson, the plaintiff’s father, being the owner of the premises in question, conveyed them to Valentine and Thruston by a deed in all respects well executed and authenticated, except that it was attested by but one' witness. Before the execution of this^deed the grantor’s wife had united herself with the society of Shakers. At the time of the execution he had three minor children, to whom the consideration money, nine hundred and fifty dollars, was paid by the grantees,,, *174 as they successively became of age, in conformity with the terms • of the sale.
*The apparent object of the deed was to make what the grantor esteemed a provision for his younger children, preparatory to uniting himself with the Shaker society. George Patterson, the lessor of the plaintiff, is the son of the grantor; he was, at the time of making the deed, about thirty years of age, and lived separate from his father, being himself the father of a family .John Patterson is since deceased, and this suit is brought by his son, George Patterson, claiming his undivided portion of the land by descent, as one of his father’s heirs at law.
Two objections are taken to the deed from John Patterson :
1. That it is rendered void by the statute providing for the support of women abandoned by their husbands.
2. That its execution is attested by but one witness.
"We will examine the latter point first. Can a deed executed in 1811, attested by but one witness, pass the legal title to lands ? It is conceded that such a deed is evidence of a contract, that, under proper circumstances, may be enforced in equity; but the legal estate must pass by it, to defeat, in this case, the plaintiff’s recovery. The statute requires that the transfer of title to lands must be attended with certain forms, among which is the attestation of witnesses. No deed is complete without such attestation, nor can such deed, executed since 1808, pass the legal title by its ■direct operation.
But it is urged, that although the execution of the deed is imperfect, the covenant of warranty contained in it passes the legal title, upon the doctrine of rebutter.
A warranty is a covenant running with the land, which, by the ancient law, bound the grantor, and those to whom his estate descended, to give to the grantee land of equal value, in case of eviction from the land conveyed. If the grantor, or those to whom his warranty descended, should possess and exert the right to recover possession of the land from the granteee, the act of recovery created the right to recover, from the warrantor, land of equal value. To prevent this circuity of action, the law precluded the warrantor from recovering the land warranted from the warrantee. These doctrines continue to be law, although the warranty is enforced by action of covenant, sounding in damages only; *and it is now held to be a settled principle, that a man *175 .shall not recover in ejectment against a defendant, whose possession he is bound to maintain, by a valid covenant of warranty. 3 Ohio, 107; 4 Ohio, 411.
The difficulty that arises here is, to ascertain in what manner the covenant of warranty may bo created. A warranty of this character does not arise from a mere personal engagement. It must be a covenant real annexed to the land, and running with it. It may be raised upon any description of conveyance, by which the title passes, or even upon a naked release, or deed of confirmation, that technically passes no title. Co. Lit. 311; 7 Bac. Ab. 227; Com. Dig., Gar. C. In the language of 10 Rep. 56, “every warranty ought to be knit and annexed to an estate, for every warranty hath its essence by dependency on an estate; and when the estate expires by its own limitation, the warranty depending on it is determined.” We do not understand by this, that a warranty does not bind as a covenant, unless the estate actually passes by the deed. Our understanding is, that no warranty, to operate as a rebutter, can be created, except by a deed executed in the form in which the law permits an estate to pass. We have looked in vain for such a warranty, in any other form than in a deed executed with the legal formalities. The practice of enforcing the ancient warranties seems to show that the vassal could not recover of his lord, unless he could establish a tenure either by copy-hold, or by deed duly authenticated. See 3 H. & B. Notes to Co. Lit., octavo ed., n. 315. Mr. Butler, note 328, deduces from, Seymour’s case, 10 Rep. 96, that no warranty is a bar, unless the estate be divested or displaced during the continuance of the warranty. This point seems to have passed under the adjudication of the court, in Dean v. Norwich, Brownlee, part 2, p. 165, where Coke, Justice, in deciding that a personal covenant, in a void lease, may be enforced by action, takes occasion to distinguish it from the warranty of a freehold, and asserts that “if a man make a feoffment with warranty of a freehold, non feofavitis a good plea; for if the feoffment be avoided, the warranty is likewise avoided, as that depends on the feoffment.” These authorities satisfy us that this covenant does not possess the character of a warranty, *because the instrument of writing that contains it is not one by which the title to the land is passed.
Neither does this instrument work such an estoppel as prevents the maker from asserting, in a court of law, his legal title. *176 Generally, no man is permitted to deny an admission made under his own seal. Where this duty can be enforced under the formsol pleading, it is called an estoppel. But the instrument itself, or the fact that the owner has attempted to convey land by an imperfect instrument, has never been held to bar him from setting up his title, unless it contains an effective clause of warranty. Co. Lit. 365, a; 14 Johns. 193. A simple personal covenant does-not preclude him. To give it such effect, would subvert the well-established principle, that an equitable title can neither support nor defeat a recovery in ejectment. It would, moreover, enable-every one to dispense with the salutary forms which the law requires to attend the solemnity of passing title to real estate, and thus defeat the object of the statute, which, from the commencement of titles in the territory, have from time to time been in-force on this subject. It is an argument of irresistible force, that in the whole range of authorities within our reach not one has been found to maintain that the legal title is transmitted by such a deed. The case of Sullivant’s Heirs v. Commissioners of Franklin County, 3 Ohio, 98, differs widely from this, inasmuch as that deed contained a direct permission to enter.
It is not necessary to go further to decide this case; but if we were required to determine whether the deed was void, upon the other ground taken, we should find it difficult to persuade ourselves, that the act of a man, whose wife was already a member of the Shaker community, and who sells land for the apparent and actual purpose of providing advancements to his minor children, was within the spirit, intention, or mischief of the statute. It would be equally difficult to persuade us, that a son, whose age exceeded thirty at the time of the sale, who was pursuing his own means of livelihood separate from his father, has any rights which fairly fall within the protection of a statute made to enforce the duties of a husband and parent toward those who depend *uj>on him for support. Whatever might be our opinion upon this branch of the case, we are satisfied that the defendants can not protect themselves at law against the plaintiff’s-recovery in this action.
Judgment for plaintiff.