Sutliff, J.
The indenture, upon which the plaintiff predicated his right to recover in the court of common pleas, is duly signed and sealed by the parties, but appears not to have been acknowledged or subscribed by witnesses, as provided by the statute for the execution of leases of longer duration than three years.
The first section of the act of February 22d, 1831, “ to provide for the proof, acknowledgment and recording of deeds, and other instruments of writing,” provides:
“ That when any man or unmarried woman, above the age of twenty-one years, shall execute, within this state, any deed, mortgage, or other instrument of writing, by which any land, tenement or hereditament shall be conveyed, or otherwise affected or incumbered in law, such deed, mortgage, or other instrument of writing, shall be signed and sealed by the grantor or grantors, maker or makers; and such signing and sealing shall be acknowledged by such grantor or maker in the presence of two witnesses, who shall attest such signing and sealing, and subscribe their names to such attestation; and such signing and sealing shall also be acknowledged by such grantor or grantors, maker or makers, before a judge of the supreme court or of the court of common pleas, a justice of the peace, notary public, mayor, or other presiding officer of an incorporated town or city, who shall certify such acknowledgment on the same sheet on which such deed, mortgage, or other instrument of writing, may be printed *261 or written ;****** and shall subscribe his name to such certificate.” Swan’s Rev. Stat. 308.
It is also provided, by section 9 of the same act, as follows :
“ That nothing in this act contained shall be construed to affect the validity of any lease of school or ministerial lands, for any term not exceeding ten years; or of any other lands, for any term not exceeding three years; or to require such lease to be attested, acknowledged, or recorded.”
The present lease, being for a term of five years, is not within the provisions of section 9; and, therefore, being an instrument of writing for the conveyance of the tenement, for a term of five years, its execution is prescribed and governed by section 1, of the act.
The instrument, being neither attested nor acknowledged according to the provisions of the statute so governing its execution, is defective as a lease, and of no binding obligation. It has been frequently held, that a deed for the conveyance of the title of lands, attested by only one witness, or otherwise not in accordance with the provisions of the statute, was defective, and insufficient to convey title in this state. See the cases of Courcier & Ravises v. Graham, 1 Ohio Rep. 380 ; Patterson’s Lessee v. Pease, 5 Ohio Rep. 190; Roads v. Symmes, 1 Ohio Rep. 281; Johnson’s Lessee v. Haines, 2 Ohio Rep. 55.
The same doctrine being equally applicable to the instrument before us, it follows that the indenture was, by this statute, utterly inoperative to convey the term, as a lease. The lessees took nothing by the instrument, as a lease. Indeed, the defective nature of the instrument, in respect to the requisites prescribed by section 1 of said act, is conceded by plaintiff’s counsel. It is however insisted, that this indenture should be held operative under the 4th section of the statute of frauds and perjuries, which provides as follows:
“ That no leases, estates, or interests, either of freehold or terms for years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall at any time hereafter be assigned or granted, unless it be by deed or note in writing, signed by the party so assigning or granting the same, or their agents thereunto, lawfully authorized by writing, or by act or operation of law.”
*262 A contract for a future conveyance or mortgage, or lease of land, is quite a different instrument from the deed, mortgage or lease, so expressed in the contract, and has never been regarded, in this state, as falling within the provisions of the statute referred to.
It is however urged, that inasmuch as this indenture is not also bad by reason of the statute of frauds and perjuries, it is therefore good and valid under that statute.
The argument is simply this: The indenture is admitted to be defective, under the statute prescribing the execution of such instruments. Under that statute, independent of the statute of frauds and perjuries, the instrument would be utterly inoperative to convey the term which it assumes to convey; and consequently, it not being binding upon the plaintiff, there could be no consideration to sustain the undertaking of defendants to pay rent, and, under the rule thus applicable to the case, that both parties must be bound or neither, it would be void as to defendants •, hut being so void, independent of the statute of frauds and perjuries, it is said that, by force of that statute, this indenture is operative and of full force and effect in law.
Can such a result flow from the operation of the two statutes ;■ and if so, how does it arise?
The instrument being confessedly void by force of the first mentioned statute, independent of the statute of frauds and perjuries, it must, if valid, derive its force and validity entirely from this statute. Let us then refer to the terms of the statute from which the validity of the instrument is so derived.
It is evident, upon inspection, that the statute of frauds and perjuries contains no positive provisions declaring any instruments of writing of force and validity. Its provisions are, that no leases, etc., “ shall at any time hereafter be assigned or granted, unless it be by deed, or note in writing, signed by the party so assigning or granting the same,” etc. The effect of this statute, so far as expressed, is only to declare void and inoperative all modes of assign *263 ing or granting “ leases, estates, or interests of, in or out of lands, tenements or hereditaments,” other than those made by deed, or note in writing signed by the party, etc. No provisions are, by this statute, expressed as to the operation of deeds, or written agreements, in relation to leases, estates, and interests in lands, etc. Its only effect upon those modes of assigning and granting, is obviously that of implication; it is only that which is, by reasonable intendment, to be understood as implied from the provisions thus expressed. .
What, then, is that which the legislature has so left to be, by reasonable intendment, implied and understood ?
It is insisted by counsel for plaintiff, that it is to be understood, necessarily, that all other modes of assigning and granting the “ leases, estates and interests” mentioned, except those declared by the statute inoperative, must be operative. But if this be so, it follows that the statute of frauds and perjuries, enacted in this state and in most of the other states, is utterly inconsistent with any statutory provisions, directing the form and manner of executing deeds of conveyance. And yet our statute of frauds and perjuries is almost a transcript of the English statute; and similar to that of Pennsylvania, and probably to that of most of the other states of the union; all of which states, it is understood, have by statute prescribed the manner of executing deeds of conveyance.
But no such construction can be reasonably given to the provisions of the statute. All other modes of assigning and granting leases, estates, and interests in lands, tenements and hereditaments, than those declared invalid by the statute, are not by implication declared valid, irrespective of other legislation upon the subject. The statute simply leaves other modes of assigning and granting such leases, estates and interests, unaffected by the statute. They are as if the statute of frauds and peijuries had never been enacted. Nor can there be any difference in this regard, whether the statute regulating or prescrib *264 ing the execution of deeds, were enacted before or after the enactment of the other statute.
We regard the two statutes under consideration as consistent with, and independent of, each other. It is a rule of interpretation, that, if practicable, different statutés should be so interpreted as to preserve their consistency, and give effect to each; and we think these statutes not only susceptible of such construction, but that this construction is most in accordance, if not alone consistent, with the plain and obvious meaning of each, as expressed by the language of the statutes.
The record shows that the plaintiff, by his petition, predicated his right to recover solely upon the indenture set forth in his petition. He did not aver a part performance, and ask to have the instrument reformed, and then enforced. Nor does the petition state a delivery of possession by the plaintiffj or an occupancy by the defendants; but the right of action is placed solely upon the obligations imposed upon defendants by the instrument set forth.
We have seen, by the provisions of the statute, the form prescribed for the execution of a valid lease, of such a term as this assumes to pass, must have the same requisites as an instrument to convey the fee of the land. If then this instrument, as set forth, entitled the plaintiff to recover, one executed in a similar manner, purporting to convey a fee simple in land, should entitle a plaintiff' to recover, in an action for the title and possession of the lands; but that would be utterly inconsistent, as well with the uniform adjudications in this state, as with the plain provisions of the statute.
Under the statute of Eeb. 24,1884, allowing the failure, or part failure, of consideration to be given in evidence, in a suit upon a specialty, the facts stated in the answer would have constituted a perfect defense. And the provision of the code, allowing a defendant to set forth in his answer equitable as well as legal grounds of defense, permitted the same defense to be made in this case; and *265 therefore the failure of consideration, stated in the answer, constituted a good defense.
Entertaining these views of the case, we perceive no drror in the record. The judgment of the court of common pleas must therefore be affirmed.
Swan, Brinkerhoee, and Scott, JJ., concurred.