HENRY MORTON *vs.* CHARLES C. LELAND.

July 22, 1880.

Deed—Execution—Acknowledgment.—Evidence that an alleged deed was made and executed is evidence that it was signed and sealed, or, in other words, that it was a deed. To pass the title of a grantor to land to a grantee, nothing more is necessary than the execution and delivery of the grantor's deed purporting to pass such title. It is not necessary, for this purpose, that the deed should be witnessed or acknowledged.

Notice as to Person by whom Taxes have been Paid.—New trial granted, on account of the improper admission of evidence to the prejudice of the defendant.

This action was brought in the district court for Waseca county, and was tried before *Lord,* J., and a jury, who found

for the plaintiff.  A motion for a new trial was denied by *Buckham,* J., and the defendant appealed.   The exceptions taken at the trial are stated in the opinion.   The deed from Clapp to defendant therein mentioned bears date November 15, 1878, and was duly signed, sealed, attested, acknowledged and recorded.   It "witnesseth that the party of the first part for and in consideration of the sum of $25, to him in hand paid by the party of the second part," (the defendant,) "doth by these presents release and quitclaim to the said party of the second part, his heirs and assigns forever, all the following piece or parcel of land," (describing it,) "to have and to hold the above quitclaimed premises, together with all and singular the hereditaments," etc., "to the said party of the second part, his heirs and assigns forever."   It appeared that the consideration expressed in the deed was the sum actually paid by defendant for the land, and that the land was worth in November, 1878, from $1,000 to $1,200.

*B. S. Lewis,* for appellant.

*Gordon E. Cole,* for respondent.

BERRY, J.   This is an action in the nature of ejectment. Both parties claimed title from George R. Clapp; the defendant, through a quitclaim deed executed by Clapp in 1878; the plaintiff, through an alleged warranty deed from Clapp to one Payne, executed in 1861.   The evidence tended to show that this deed was in fact made, executed, and delivered to Payne, by Clapp and his wife, and that it was lost.   It was never recorded.   Evidence that it was made and executed was evidence that it was signed and sealed; in other words, that it was a deed.   To pass Clapp's title to Payne, nothing more was necessary than its execution and delivery. For this purpose, neither witnesses nor acknowledgment were requisite.   The evidence as to the deed was not very explicit, but we think that it was competent, and fairly tended to make out the plaintiff's case, so far as the execution and delivery of the deed, and its contents, were concerned.

For the purpose of affecting the defendant with notice of

the plaintiff's title, the plaintiff showed that defendant was engaged in the abstract business in Waseca county, where the land in controversy lies; that he advertised himself as having the only complete abstract in the county, and that he was in the habit, to some extent, of examining the records of the county auditor, in his business of making abstracts and keeping abstract books. Upon this basis, the plaintiff, having identified by the auditor three books containing stubs of the receipts of the county treasurer of Waseca county for 1875, 1876, 1878, was permitted, against defendant's objection, to introduce three of the stubs, one for each of said years, purporting to show that the taxes for those years were paid by the plaintiff, or the person from whom he derived title immediately. There was no evidence whatever tending to show that the defendant had ever seen these stubs, or knew anything about them. In fact, the evidence of the plaintiff's witness, Cronkhite, the county auditor, who was the only witness upon the subject, certainly leaves it very doubtful whether the defendant was in the habit of looking up these tax matters himself at all, or to any considerable extent, and goes to show that an abstract maker, looking up taxes, would not look at all at stubs like these, showing not *delinquent*, but *paid* taxes. It seems to us that these facts disclose an entire failure, in several respects, to bring home to the defendant any knowledge or notice of the existence of the stubs. They were, therefore, improperly received. As the evidence and its reception against the defendant's objection were well calculated to influence the jury unfavorably for defendant, there must be a new trial.

To the charge of the trial court the defendant does not appear to take any important objection. The other questions discussed by counsel seem to relate mostly, if not altogether, to matters of fact, upon which, in the disposition made of this appeal, it is not best for us to express an opinion.

Order reversed, and new trial directed.