## MOULTON *v.* LEIGHTON, (two cases.)

*(Circuit Court, D. Minnesota. December 15, 1887.)*

MORTGAGE—EJECTMENT BY MORTGAGOR—MORTGAGEE IN POSSESSION.

A mortgagor brought action in ejectment against defendant, who was entitled to the rights of a mortgagee in possession. *Held*, that as the taking of an account of what was due under the mortgage was a proceeding appertaining to a court of equity, and a multiplicity of suits would thereby be avoided, the action could not be maintained.

On Motion for Judgment for Defendant on the Pleadings.

These were actions in ejectment brought by Martha A. Moulton, a mortgagor, against James H. Leighton and Ephraim F. Leighton to recover possession of mortgaged premises.

*Jackson, Atwater & Hill*, for plaintiff.

*Kitchel, Cohen & Shaw*, for defendant.

BREWER, J. This is a motion by defendant for judgment on the pleadings. I shall consider two questions only.

It is apparent from the pleadings, taking them altogether, that the plaintiff is a mortgagor, suing in ejectment against the defendant, who has all the rights of a mortgagee in possession. There having been an attempted sale, the title sought to be conveyed by that sale passed by sundry mense conveyances to the defendant. It is insisted that such an action cannot be maintained. If it were in the state court, there would be no question, for the supreme court of this state, in the case of *Johnson* v. *Sandhoff*, 30 Minn. 201,[1] has ruled that an action in enjectment will not lie under these circumstances. But it is insisted that a different rule obtains in the federal court, because no equitable defense can be presented in an action of ejectment, and that therefore the remedy of the defendant is by a bill in equity to enjoin the legal action. But the supreme court of the United States, in the case of *Brobst* v. *Brock*, 10 Wall. 529, has also declared that an action of ejectment will not lie in the federal courts by the mortgagor against the mortgagee in possession. That case went up from the state of Pennsylvania, and it is insisted that a different rule must obtain here, because, by the settled law of this state, a mortgage passes no title, and conveys no estate,—simply creates a lien; and therefore that as the legal title has not passed from the mortgagor, but remains with him all the time, the mortgagee, though in possession, has nothing but a lien or right in equity, which he can enforce only in a court of equity. Of course, it is familiar that at common law, and in most of the New England states, a mortgage is a conveyance of the title, which becomes vested in the mortgagee upon default in the payment of the amount secured by the mortgage, and that one of the remedies that he has is an action of ejectment for the possession. It is true that in this as well as in most of the western states a mortgage is looked upon as an incident. The debt is the principal thing; the mortgage is merely a security therefor. An assignment of the debt carries the mortgage. A conveyance by the mortgagee passes nothing. And there are expressions in several opinions of the supreme court of this state running along that line of thought; and yet there are other expressions used by that court by which the mortgagor's interest is spoken of as an equity of redemption. In the case in Wallace, *supra*, Mr. Justice STRONG states the rule correctly, and I think applicable to the law in force in this state, in these words:

"It is true that a mortgage is in substance but a security for the debt, or an obligation, to which it is collateral. As between the mortgagor and all others than the mortgagee, it is a lien, a security, and not an estate. But as between the parties to the instrument, or their privies, it is a grant which operates to transmit the legal title to the mortgage, and leaves the mortgagor only the right to redeem. Formerly, if the condition was not strictly performed, the estate in the mortgagee, at first conditional, became absolute, and the mortgagor's right to redeem was lost. The estate or interest, though defeasible at its inception, became unconditional on a failure of the mortgagor to pay the money secured, or fulfill the condition at the time appointed for the performance."

[1] 14 N. W. Rep. 889.

That authority is cited by the supreme court of this state in the opinion to which I have referred.

Looking at the instrument itself, it is a conveyance; that is, it is such in terms,—a conveyance of the title subject to a defeasance; and that the legislature of this state recognized the scope and import of it as a conveyance is apparent from several sections. It calls it a conveyance; it provides for its acknowledgment and record as other conveyances of real estate. In one section it uses this language: "A mortgage of real property is not to be deemed a conveyance so as to enable the owner of the mortgage to recover possession of real property without foreclosure." It has thus, while recognizing the nature of the instrument, placed certain limitations upon its legal effect. Again, looking at the question in a practical light, supposing this action of ejectment were permitted to lie, and judgment entered, the defendant, a mortgagee in possession, would be—and this is not doubted—at liberty to file his bill in equity to restrain the enforcement of this judgment. Under such a bill, the chancellor might find the amount due on the mortgage, and restrain the enforcement of the judgment at law only until the payment of that sum, and for any improvements made by the mortgagee; but he would be at liberty to enter a decree simply restraining the enforcement of the judgment at law. There might be reasons—an insufficiency of proof, or otherwise—which would justify, if not compel, such a decree. And then, as a third suit, the mortgagor would be driven at last to a bill in equity for an accounting. And, furthermore, if a mortgagor has given a mortgage which has not been paid in money, but which has been paid, as he claims, by an appropriation of rents and profits in the hands of the mortgagee in possession, is it any more than fair that he should assume the burden of litigation from the inception? But without discussing the question further, and following the decisions of the supreme court of this state, as well as those of the supreme court of the United States, and construing them as applicable to the laws of this state, I think that a mortgagor cannot maintain an action of ejectment against a mortgagee in possession. That compels me to sustain the motion for judgment on the pleadings.

The other matter to which I shall refer is one, decision upon which is unnecessary; and yet, for fear counsel might file a bill in equity, when this question would have to be met, I think it no more than fair to them that I should express my conclusions upon that. This sale, or attempted sale, was in 1866; possession taken in 1867, nearly 20 years ago. In 1883, the legislature of Minnesota passed this law:

"The sheriff's certificate of any sale heretofore or hereafter made, under a power to sell contained in a mortgage, shall be *prima facie* evidence that all the requirements of law in that behalf have been duly complied with, and *prima facie* evidence of title in fee thereunto in the purchaser at such sale, his heirs or assigns, after the time for redemption therefrom has expired; and no such sale shall be held invalid or set aside by reason of any defect in the notice thereof, or in the publication or posting of such notice, or in the proceedings of the officer making such sale, unless the action in which the validity of such sale shall be called in question be commenced, or the defense alleging its invalidity be

interposed within five years after the date of such sale." And "this act shall take effect and be in force from and after the first day of September, A. D. 1883."

Plaintiff insists in his reply that that act is void, because it was not regularly passed; because the title is not broad enough to include the provisions of the act. Upon these matters I have nothing to say; for, while they are matters of which the court is bound to take judicial notice, as a matter of fact they have not been brought to my notice. The title is not given in this volume. I have not had time to hunt up a volume in which it is, and I do not know what circumstances attended the passage of that act. I have nothing to say upon those matters. But if the act were regularly passed, if the title be broad enough to sustain the act as a whole, so that it is a valid enactment of the legislature of the state of Minnesota, then I have no doubt that a valid defense is shown to this claim of the plaintiff, whether presented in an action of ejectment, or bill of equity; the statute of limitations would be a perfect bar. It says, "The sheriff's certificate shall be *prima facie* evidence;" and if it be replied that in this case no certificate of sale was issued, but only a deed, still that is immaterial, for it is the sale which is not to be held invalid or set aside unless the action is commenced within five years. This sale was in 1866, the action was commenced 20 years after, and therefore, by this statute, this action is barred by lapse of time. The act in terms applies to sales heretofore made. It is to be remembered that the act did not go into effect until sometime after its passage; thus giving time for all suits to be brought in cases where sales were made before its date.

Judgment will be entered in both these suits; they being of a like nature. Judgment ordered accordingly.