WALTER A. WOOD MOWING AND REAPING MACHINE CO. v. LEE *et al.*

1. A mortgage of personal property is valid, as between the parties thereto and as to subsequent purchasers and incumbrancers having actual notice of such mortgage, though it may not be attested by any subscribing witness.

2. A compliance with the conditions prescribed in Section 4384, Comp. Laws that "a mortgage of personal property must be signed in the presence of two persons, who must sign the same as witnesses thereto," is only required in order that such mortgage may be entitled to be filed in the office of the register of deeds of the proper county, and operate as con-

structive notice to creditors, subsequent purchasers, and incumbrancers who have no actual notice of such mortgage.

(Syllabus by the court.   Opinion filed Jan. 6, 1894 )

Appeal from circuit court, Minnehaha county.   Hon F. R. AIKENS, Judge.

Action to foreclose a chattel mortgage.   There was judgment for defendants and plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*J. W. Jones (J. L. Townley, of Counsel,)* for appellant.

A mortgage upon personal property not executed in the presence of two persons and signed by them as witnesses, but the execution of which is otherwise proved, is valid and enforceable as between the parties and subsequent purchasers and encumbrancers having actual notice of such mortgage. The provision of Section 4384, Comp Laws, providing for the attestation by two witnesses alludes solely to the authentication of the instrument to entitle it to record.   Bates v. Wiggin, 37 Kan. 44, (14 Pac. Rep. 442); Sparks v. Wilson, 22 Neb. 112; Bank v. Jones, 4 N. Y. 497; O'Neil v. Murroy, 6 Dak. 107; Leinenkugel v. Kahl, 73 Wis. 238;  Norton v. Leland, 27 Minn. 35; Johnson v. Sandhoff, 30 Minn. 199; Conlan v. Grace, 36 Minn. 276.

An agreement in writing which by its terms makes a sum of money due from one party to another chargeable upon specific property, but which is not under seal, nor so executed and acknowledged as to make it a mortgage within the statutes respecting conveyances, will be regarded as an executory agreement for a mortgage, and enforced as a specific lien as against the persons executing it and strangers having actual notice, under the theory that equity looks upon things agreed to be done as though actually performed.   Daggett v. Rankin. 31 Cal. 321; Racouillat v. Sausevain, 32 Cal. 376;  Whiting v. E'chelberger, 16 Iowa, 422;  Westerly  Savings  Bank v. Mfg. Co., 16 R. I. 18 496; 17 Atl. Rep. 918,

*Winsor & Kittredge*, for respondents.

It is an absolute essential to the validity of a chattel mortgage that it be signed by the mortgagor in the presence of two persons who sign the same as witnesses thereto. Meghen v. Strong, 6 Minn. 177; Parrott v. Shaubhut, 5 Minn. 323; Thompson v. Morgan, 5 Minn. 42; Crane v. Reader, 21 Mich. 24; French v. French, 3 N. H. 234; Caurcier v. Graham, 1 Ham. 330; Patterson v. Pease, 5 Ham. 190; Merwin v. Camp, 3 Conn. 35; Clark v. Graham, 6 Wharton 577; Cantem v. Bennett, 39 Tex. 303; Warrender v. Warrender, 9 Bush, 127; 2 Waite's Actions and Defenses, 506; 3 Washburn on Real Property, 4th Ed., 238; McLaughlin v. Randall, 66 Mo. 26.

CORSON, J. This was an action to foreclose a chattel mortgage. Judgment was rendered for the defendants, and the plaintiff appeals.

Lauren K. Lee, mortgagor, and Frank H. Peavey, Charles T. Peavey and Edgar C. Michener, composing the firm of F. H. Peavey & Co., as subsequent mortgagees, were made defendants. It is alleged in the complaint, in substance, that the mortgage upon which the action was brought was executed on the 9th day of April, 1890, and was given to secure an indebtedness from said Lee to the plaintiff of $2,366.25; that subsequently, on May 3, 1890, the said Lee executed to the said F. H. Peavey & Co. a chattel mortgage, including the same property, to secure the sum of $20,000; that at the time the said mortgage was executed to said F. H. Peavey & Co., that firm had actual notice that said Lee had executed a prior mortgage on the property to the plaintiff to secure the indebtedness due from him to it. On the trial the defendant Lauren K. Lee, being called as a witness in behalf of the plaintiff, testified that he executed the chattel mortgage in controversy, and also to facts tending to prove that said firm had actual notice that he (witness) had executed a chattel mortgage on the property to

plaintiff to secure his indebtedness to it.    The plaintiff then offered in evidence his said mortgage, to the introduction of which the counsel for Peavey & Co. objected on the ground that the instrument offered was not a chattel mortgage as it was not signed in the presence of two persons who signed the same as witnesses thereto.    The objection was sustained, the mortgage excluded, and a judgment of dismissal rendered.

The only question presented for our decision is, was the chattel mortgage executed by defendant Lee to the plaintiff a valid mortgage, as between the parties thereto, and as against F. H. Peavey & Co., subsequent mortgagees, assuming they had actual notice of such mortgage?    The learned counsel for appellant contend that our statute relating to chattel mortgages does not require that such a mortgage, as between the parties thereto, and as to subsequent mortgagees with actual notice of such prior mortgage, shall be witnessed, but that such witnesses are only required to entitle the mortgage to be filed in the office of the register of deeds, and operate as constructive notice of the same.    The learned counsel for the respondents insists that a chattel mortgage, to be valid for any purpose, must be signed in the presence of two persons, who shall sign the same as witnesses thereto, and that, as the pretended chattel mortgage offered in evidence in this case was without witnesses it was absolutely void.    Respondents rely upon Section 4384, Comp. Laws, which reads as follows: "A mortgage of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed."    Section 4346, Comp. Laws, reads as follows:    "Mortgage is a contract, by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession.    A mortgage of real property can be created, renewed or extended only by writing, executed with the formalities required in the case of a grant of real property."    It will be observed that this section provides that a

mortgage on real property can only be created, renewed or extended in a certain manner, but makes no reference to the manner of creating chattel mortgages, although the first clause evidently applies to all mortgages, whether real estate or chattel. This section is under the heading of "Mortgage in General," and is the first section of Article 1. This article is followed by Article 2, relating to mortgages of real property. Section 4372, being the first section of Article 3, under the head of "Chattel Mortgages," reads as follows: "A mortgage of personal property may be made substantially in the following form." A short form is then given, but no mention is made of witnesses, nor are blanks left, indicating that any are required. Among the sections providing for the filing of chattel mortgages, and the effect to be given them as constructive notice, is Section 4384, above quoted, and upon which respondent relies. It will be noticed that this section concludes as follows: "And no further proof or acknowledgment is required to admit it to be filed." It seems to us, from these various sections of the statute, that the codifiers, by inserting this section among the sections relating to filing and the effect of filing chattel mortgages, intended to only require such mortgages as should be filed for record to operate as constructive notice, to be executed in the presence of two witnesses. In this view we are fully sustained by the courts of Wisconsin and Minnesota, which have statutes very similar to the one we are now considering, except that the statutes of those states relate to real property. In Wisconsin the statute provides, substantially, that all conveyances executed within that state shall be executed in the presance of two witnesses, who shall subscribe their names to the same. Under this statute a number of decisions have been made by the supreme court of that state; the latest being the case of Leinenkugel v. Keil, 73 Wis. 238, 40 N. W. 683. In that case the court says: "It appears that the deed was not witnessed nor acknowledged, though in due form, in other respects, to convey the title to the grantee." And the court, after calling atten-

tion to other cases before decided by that court upon the question, further says: "Attestation and acknowledgment are formalities required by the statute to enable the deed to be recorded so as to operate as notice to subsequent purchasers, but are not essential to transfer the title as between the parties." That court held the same doctrine in the early case of Myrick v. McMillan, 13 Wis. 188. In Gilbert v. Jess, 31 Wis. 110, that court more fully discussed the question. The action in that case was to foreclose a real estate mortgage, and the question presented is thus stated by the court: "In determining the question, * * * it is necessary to consider whether it was essential it should have been witnessed in order to create such a lien as between the mortgagor and mortgagee, or as between the plaintiff and purchaser of the equity of redemption with actual notice of its existence." And further on in the opinion the court says: "There are no negative words in the statute of 1839 which declare that a conveyance, to pass title even as between the parties, must be witnessed and acknowedged; and therefore the objection to the mortgage before us really raises the question whether, by the principles of the common law, subscribing witnesses were essentially necessary to the validity of a deed. Upon that point the authorities are too emphatic and conclusive to admit of any serious discussion or reasonable doubt. * * * And, this being the case, we are of the opin ion that, under the statute of 1839 (Section 9, p. 179,) it was in no wise essential to the validity of the conveyance, as between the parties, that it should be attested, and that consequently the mortgage in the present case was effectual to create a lien upon the mortgaged premises." Minnesota has a statute very similar to the statute of Wisconsin, requiring conveyances "to be executed in the presence of two witnesses who shall subscribe their names to the same as such." The supreme court of that state, in Morton v. Leland, 27 Minn. 35, 6 N. W. 378, says: "To pass Clapp's title to Payne, nothing more was necessary than its execution and delivery. For this purpose

neither witnesses nor acknowledgment were requisite." In Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889, which was the case of a real estate mortgage, the court says: "Concisely stated, we take the effect of all this to be   *   *   *   (3) That the mortgage, although defective for the want of a second witness, was not therefore void, but was valid as against Haley, [mortgagor] and persons having notice, like Fewer, Stewart and the plaintiff;" citing Morton v. Leland, 27 Minn. 35, 6 N. W. 378. In Conlan v. Grace, 36 Minn. 276, 30 N. W. 880, the court says: "It is the signing and sealing that constitute an instrument a deed," citing the cases in 27 and 30 Minn., and 6 and 14 N. W. The doctrine, therefore, laid down in the early cases in that state, of Meighen v. Strong, 6 Minn. 177, (Gil. 111,) and Thompson v. Morgan, 6 Minn. 292, (Gil. 199,) referred to by counsel for respondents, is overruled, and the doctrine contended for by the appellant is clearly established. The case of Parret v. Shaubhut, 5 Minn. 323, (Gil. 258) does not seem to us to be in conflict with the later cases. The fact that the supreme court of that state has modified its former views upon this question, and in effect, at least, overruled its former decisions, aads great weight to its later decisions upon the question.

The counsel for respondents have cited a number of authorities in support of their position, holding that a deed not properly witnessed does not convey the legal title. We have access only to a few of these, and we shall only briefly refer to those we have been able to consult. The case of Merwin v. Camp, 3 Conn. 35, is inapplicable as an authority in the case at bar, as the statute under which that decision was rendered contained negative words that could not have properly disregarded by the court, at least in a common law action. The cases of Courcier v. Graham, 1 Ohio 330, and Patterson v. Pease, 5 Ohio 190, seem to support the contention of respondents, as does the case of Clark v. Graham, 6 Wheat. 577; but these were all common law actions, and decided under the statute of Ohio of 1805, which we have not been able to examine, except one section

given in the opinion. Assuming that they were correct y decided under the Ohio statute, still they are not applicable to the case at bar for the reason that in this state the legal title to property does not pass by a mortgage until its foreclosure. A mortgage itself only creates a lien upon the property. Sections 4330, 4331, Comp. Laws; Grand Forks National Bank v. Minneapolis & N. Elevator Co., 6 Dak. 357, 43 N. W. 806. It is conceded in both of the cases cited from Ohio that the deeds were evidence of a contract that could be enforced in equity, and were not absolutely void. The court, in the first case, in speaking of the deed, says: "It could convey, at most, only an equitable interest;" and in the latter case the court says: "It is conceded that such a deed is evidence of a contract, that, under proper circumstances, may be enforced in equity." It will thus be seen that under these decisions the only effect of a failure to have the deeds attested by two witnesses was that the legal title did not pass. In the case at bar the proceedings to foreclose the mortgage were in equity. The plaintiff claimed no legal title to the property, but only a lien thereon, and hence no question arises as to the transfer of the legal title. In proceedings to foreclose the lien in a court of equity, if the instrument offered in evidence is sufficient to show that the mortgagor intended to create a lien upon the property in favor of the plaintiff, it is sufficient as between the parties thereto, and as against parties having actual notice of such lien. Daggett v. Rankin, 31 Cal. 321; Racouillat v. Sansevain, 32 Cal. 376; Whiting v. Eichelberger, 16 Iowa 422; Westerly Savings Bank v. Stillman Mfg. Co., (R. I ) 17 Atl. 918.

Counsel for respondents further contend that the history of the legislation of the late territory upon the subject of chattel mortgages clearly indicates that Section 4384 in the code of 1887 was intended to make the attestation of two witnesses essential to the validity of a chattel mortgage for any purpose, but an examination of the history does not lead us to that conclusion. The code of 1870 contained the following section

"Section 1632. A mortgage of personal property can be created, renewed or extended only by a writing subscribed by the mortgagor." As will be noticed, no witnesses are required by that section. This is conceded by counsel for the respondents. This section constituted the first section under Article 3, of chattel mortgages. In the code of 1887, Section 4372, heretofore quoted, which provides that "a mortgage of personal property may be made substantially in the following form," took the place of Section 1632 of the code of 1870. The omission in Section 4372 of any reference to witnesses would seem to have been intended, as provision was carefully made in Section 4346 as to the formalities necessary "to create, renew or extend mortgages of real property," by the codifiers. But, be this as it may, Section 4384 is evidently a new section, and the purpose it was intended to subserve can only be determined by considering the object the legislature had in view in adopting it. As before stated, it is placed among the sections providing the requisites necessary to make a chattel mortgage constructive notice, and the effect of filing the same in operating as such constructive notice to creditors, subsequent purchasers, and incumbrancers; and we cannot resist the conclusion that the object of the legislature was simply to provide for its authentication for the purpose of filing and operating as constructive notice. There are no negative words, or words indicating that it must be attested by two witnesses to make it valid between the parties thereto. At common law, no witnesses were required to a mortgage of personal property, and a mortgage of such property could be created without writing. Jones, Chat. Mort. § 2. The effect of such mortgage as constructive notice is given by the statute, and one claiming a right arising from constructive notice must show that the statute has been substantially complied with. But one claiming a lien simply by virtue of his mortgage, as against the mortgagor and those having actual knowledge of his mortgage, is not, we think, required to show that it is so executed as to entitle it to be filed and operated as constructive notice. In excluding the plaintiff's mortgage the court erred; and the judgment is reversed, and a new trial ordered.