# Wytheville.

## COLLUP v. SMITH.

### July 6th, 1892.

1. WILLS—*Revocation by subsequent conveyance.*—By his will, executed in 1872, testator devised his real estate equally to his wife and his three children, in fee. Having been annoyed with law suits by his son-in-law, he executed a deed in 1887, conveying his real estate to a trustee, in fee, for the sole benefit of his wife.

HELD:

The deed was a revocation of the will.

2. IDEM—*Registry.*—The deed, having been delivered in the grantor's lifetime, was valid, though not recorded until after his death. ·

Appeal from decree of circuit court of Smyth county, rendered August 27th, 1890, in the chancery cause wherein Thomas J. Smith and M. J., his wife, were complainants, and Sarah Ann Smith, widow, and Henry Collup and others, children of Adam Collup, deceased, were defendants. The decree being adverse to the defendants, they appealed. Opinion states the case. ·

*A. M. Dickinson* and *F. S. Blair*, for appellants.

*John P. Sheffey*, for appellees.

LACY, J., delivered the opinion of the court.

˝The bill was filed by the appellees to annul a deed executed by one Adam Collup to George W. Allison, trustee for Sarah Ann Collup, in words and figures following—to-wit:

" This deed, made this, the 8th day of July, 1887, between

Adam Collup, of the first part, and Sarah Collup, of the second part, and George W. Allison, trustee, of the third part, all of Smyth county, Virginia—witnesseth : That the said Adam Collup, party of the first part, has this day, for and in consideration of the sum of twenty-five hundred dollars, in hand paid by the said Sarah Collup, the receipt whereof is hereby acknowledged, bargained, sold, and conveyed and transferred to George W. Allison, trustee, for the sole use and benefit of the said Sarah Collup, all that tract of land situate in Smyth county, Virginia, on the waters of Holston river, being the tract of land upon which the said Adam Collup now resides, containing about one hundred and sixty-four acres, more or less, adjoining the lands of W. M. Copenhaver, John Fox, Henry Copenhaver, and the lands formerly owned by Jas. W. Sheffey, being a part of the tract of land willed to the said Adam Collup by his father, Adam Collup, the boundary of said land being specifically set out in said will. And it is agreed and covenanted between the said Adam Collup and Sarah Collup, and George W. Allison, trustee as aforesaid, that the said Sarah Collup is to have, enjoy, and receive and control the whole plantation as she may desire, with the aid and assistance of said George W. Allison trustee; and, should the said Sarah Collup desire to make any conveyance of said land, then the said trustee shall join with her in said conveyance ; and the said Sarah Collup is to have and hold said tract or parcel of land free from the claims of all persons whomsoever, and the said Adam Collup warrants generally the lands hereby conveyed.

" Witness the following signatures and seals the date above written.

" ADAM COLLUP."

" *Virginia, Smyth County*—to-wit :

" I, A. M. Dickinson, a commissioner in chancery for the

county court of Smyth county, Virginia, do certify that Adam Collup, whose name is signed to the foregoing deed of conveyance to George W. Allison, trustee, for the sole use and benefit of Sarah Collup, this day personally appeared before me in my county and acknowledged the same.

"Given under my hand this, the 8th day of July, 1887.

"A. M. Dickinson,
"Com'r in Chancery for the County Court
of Smyth County."

"*Virginia:*

"*In the Clerk's Office of Smith County Court,*  ⎫
                            *5th of September..*  ⎬

"The foregoing deed of conveyance from Adam Collup to George W. Allison, trustee, was presented in the office aforesaid the above date, and, with the certificate of acknowledgment annexed, admitted to record.

"Teste :

"J. H. Gollehon, D. C."

—upon the ground that the said deed was never fully executed by delivery to the grantee; and upon the further ground that the trustee and the beneficiary therein had never formally accepted the deed, and never actually recorded it until after the death of the grantor; and that it was without a valuable consideration, unless the consideration named in the deed was now paid to the administrator. Also upon the ground of undue influence exercised upon the grantor, and because the deed was not a fair provision for the children of the grantor. And, moreover, that the grantor in the deed aforesaid had made a will in 1872, which he never had revoked, which will was as follows :

"I, Adam Collup, of Smyth county, Virginia, being of sound mind and disposing memory, mindful of the uncertainty

of life and the certainty of death, do make this, my last will and testament.

" Clause 1st. I will that all my just debts, funeral expenses, and expenses of administration be paid.

" Clause 2d. It is my will that my beloved wife, Sarah, shall have, absolutely, one third of all the estate, (remaining after making proper allowance for the execution of clause first,) both real and personal, of which I may die seized—that is to say, one third in value of my personal property and one third in value of my real estate, including and adjoining the mansion-house.

" Clause 3d. I devise, will, and bequeath to Thomas J. Smith and his wife, my beloved daughter, Minerva Jane, and heirs, forever, one third of the remaining portion of the land and one third of the remaining portion. of my personal property, after executing the foregoing provisions made in clauses first and second.

" Clause 4th. It is my will that my beloved daughter, Frances Collup, shall be made equal in real estate and personal property to Thomas J. Smith and wife.

" Clause 5th. It is my will that my beloved son, Ezra Sheffey Collup, shall be made equal in real and personal property with my daughter, Frances Collup ; it being my intention to divide equally between my three children the two thirds of my estate remaining after the allotment hereinbefore made to my wife.

" Clause 6th. To forever put to rest any question that may arise as to the legitimacy of my said children, I hereby acknowledge and declare that my said daughters, Minerva Jane Smith and Frances Collup, and my son, Ezra Sheffey Collup, though born before my marriage to their mother, who is now my lawful wife, are truly my children ; and I hereby provide, out of abundant caution, that any property of mine remaining at my death, and not hereby otherwise disposed of by me, shall be equally divided between them.

" Clause 7th. It is my will that my personal property be appraised by three competent appraisers, to be appointed by Smyth county court or circuit court, and if my wife, or either of my children, including my son-in-law, the said Thomas J. Smith, should desire to have any of the personal property in kind, that the one so desiring may be permitted to take it at its appraised value as so much upon his or her share.

" Clause 8th. It is my will that the residue of my personal property be sold, and the debts due me, if any, collected, and the proceeds divided according to the provisions of this will; and that the division of the lands directed be made by the appraisers, one of whom should be a good surveyor, by metes and bounds, having in view quantity, quality, and value, and be recorded in the clerk's office of Smyth county court.

" Clause 9th. The children, or legal representative of such of the persons named in the will as may not survive me, are to succeed to their rights under this will."

The defendants demurred to the bill, and answered the same, and set forth that Adam Collup departed this life on the 5th day of August, 1889; that in 1872—seventeen years before his death—he did prepare his will, and that he did afterwards, and before his death, and, therefore, before his will became effectual, make the deed in question, signed, sealed, and delivered to the clerk for recordation; but denying any undue influence in its procurement, and denying that grantees therein had never accepted it; that it was duly and completely delivered to the grantees, and by them accepted as an absolute conveyance. The beneficiary under the deed is the wife of the grantor, and when the deed was executed the grantor was in as good condition as he ever was. That the object of the deed was to put the wife in control of the property, to protect her against a son-in-law, the plaintiff Smith, who had told his father-in-law that, in case of his death, he would give the widow no rest, as he had given the father-in-

law no rest during his life. That this plaintiff, Smith, had harassed his father-in-law, the said grantor, with vexatious law-suits and security debts. That shortly before the grantor's death the said Smith had asserted claim to and sued the father-in-law for a large part of his land, and the father-in-law had been compelled to pay off debts and costs which the said Smith had incurred. In short, that said Smith had been a recreant and worthless son-in-law, and had lived and had been a pensioner on his father-in-law, and was now living, as he had long been doing, on his land, and had refused to pay any rent for the same, and had brought a suit against his father-in-law in his lifetime, seeking to set aside this very deed, and seeking to compel the father-in-law to make a deed to the said Smith to a part of his land, upon the ground of an alleged parol gift; which suit the father-in-law had successfully resisted, replying that there had been no gift, and no claim until then of a gift, but that the plaintiffs had occupied the land as rentees, and had been made to pay rent for the same; and that the said plaintiffs had been shiftless and peevish and disagreeable, and had abandoned the premises and moved to another county; setting forth that the conveyance had been a voluntary conveyance of his own property, in accordance with his own rights, and in fraud of nobody else's rights, and that he had made the deed in question to provide for his wife in her old age, and to protect her against this very son-in-law; and denying that the plaintiffs had made any improvements on the said land; and alleging, further, that the said Adam Collup had sold other land during his lifetime.

Depositions were taken on both sides, the plaintiffs seeking to show undue influence brought to bear on Adam Collup to induce the execution of the deed, and by the defendants establishing his competency. The circuit court set aside the deed as incompetent in the lifetime of the grantor, and annulled the same, and enforced the will of Adam Collup, and made dis-

tribution of the real estate under the same; whereupon the case is here upon appeal.

We are of opinion that the circuit court erred in setting aside the deed at the suit of the plaintiffs. The deed was duly executed and acknowledged and delivered by the grantor to the grantee, during his life, as a valid and binding deed, and is effectually completed as such. It was not actually recorded until after the death of the grantor, but there are no creditors or lienors whose rights have intervened, or which are now asserted; and, as between the beneficiaries under the will, the will was inoperative as to such property as was parted with during the life of the testator. It was competent for the testator during his life to revoke any part of his will; but the deed was a valid deed, not revocable by the grantor, by his will nor otherwise. As a valid gift by deed it was irrevocable, and was not affected by the will.

The decree complained of must, therefore, be reversed and annulled; and this court, proceeding to render such decree as the circuit court ought to have rendered, will dismiss the bill of the plaintiffs, with costs, without prejudice to any suit which may be necessary to duly administer such estate of the said Adam Collup as may not be affected by said deed.

DECREE REVERSED.