JANE B. ROBERTS v. MARTIN G. NELSON.[1]

June 19, 1896.

Nos. 10,105—(172).

Lease—Denial of Execution—Evidence.

In an action on a written lease, evidence that after its execution it was altered by adding the name of a second witness and a certificate of acknowledgment is inadmissible under a mere denial of the execution of the instrument.

Same—Alteration of Terms—Alteration Affecting Proof of Execution.

Distinction noted between an alteration of the terms and stipulations of the contract itself and one which merely affects the nature and kind of evidence required to prove its execution.

Action in the district court for Hennepin county. The case was tried before Russell, J., who ordered judgment in favor of plaintiff for $730 and other relief. From an order denying a motion for a new trial, defendant appeals. Affirmed.

[1] Reported in 68 N. W. 14.

*Judson L. Wicks*, for appellant.
*Dickinson & Lum*, for respondent.

MITCHELL, J. This was an action by a lessor against his lessee for the cancellation and forfeiture of a lease on the ground of the nonperformance of its covenants and conditions. The lease was set up in the complaint in its very words. The answer of the defendant, so far as here material, consisted of a denial of the execution of the lease. The bill of exceptions states, in substance, that in the course of the introduction of the evidence on part of the defendant he offered to prove that the lease had been changed after its execution by adding the signature of a second witness and a certificate of an acknowledgment of its execution by defendant before a notary public; that the added witness was not present when defendant signed the lease, and was never requested by him to sign it as an attesting witness, and that defendant never acknowledged it before the notary. The ruling of the court in sustaining plaintiff's objections to this evidence is the only error assigned.

As we are of opinion that the case must be disposed of on a question of pleading, it is unnecessary to consider the other questions discussed by counsel. Defendant did not offer to prove that he did not execute the lease, but what he offered to prove was that, after it was executed and became an operative contract, it was materially altered, and thereby avoided. It will be observed that it was not offered to prove that the terms and stipulations originally contained in the body of the lease had been altered, either in substance or in letter. The change produced in the instrument by the alleged alteration is not one which affects in any degree the construction of the instrument, or the rights or obligations of either party under it. At most, it only affects the nature and kind of evidence required to prove its execution. All that was necessary to the execution of the lease was that it should be signed and delivered. It was not necessary that it should be either witnessed or acknowledged. These were necessary only for the purpose of entitling it to record. While this court held otherwise in the early cases of Parret v. Shaubhut, 5 Minn. 258 (323), and Thompson v. Morgan, 6 Minn. 199 (292), and while it did not at once squarely overrule these cases (see Ross v. Worthington, 11 Minn. 323 [438]), yet for many years the doctrine

65 M—16

of this court has been as above stated (Tidd v. Rines, 26 Minn. 201, 2 N. W. 497; Morton v. Leland, 27 Minn. 35, 6 N. W. 378; Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889; Conlan v. Grace, 36 Minn. 276, 30 N. W. 880; Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870; Lydiard v. Chute, 45 Minn. 277, 47 N. W. 967).

The case therefore resolves itself into the question whether, under a denial of the execution of an instrument, a party can introduce evidence to show that after he executed it it was avoided, not by altering its terms and stipulations, but by adding the name of a witness and a certificate of acknowledgment, which at most only go to the probative force of the instrument when offered in evidence. Our opinion is that the question must be answered in the negative.

Under the Code the general rule is that under a denial in an answer no facts can be proved except such as show that plaintiff's statement of facts is untrue. Under a denial a party should not be permitted to show any fact that does not go to disprove the facts alleged. Evidence of facts which admit the act charged, but which avoid its force and effect, or which discharge its obligation, is inadmissible. Now, the position of the defendant in this case was, in effect, that under a denial of the execution of the lease he proposed, while admitting its execution, to prove subsequent alterations which avoided it, and discharged its obligation. It has been held that where the terms and stipulations of a written contract have been altered, and the contract is declared on as altered, the alteration may be proved under a denial. Schwarz v. Oppold, 74 N. Y. 307. This position may be strictly logical, because proof of the alteration shows that the plaintiff's statement of facts is untrue; that is, shows that the defendant never executed any such instrument as alleged. But this is as far as the rule should be extended with due regard to the spirit of the code system of pleading. It is true that the instrument as set out in the complaint contains the name of the second witness, and the certificate of acknowledgment; but these are no part of the contract, and are mere surplusage, and, if they had been entirely omitted, there would have been no variance between the pleading and the proof.

Plaintiff's objections were that the evidence was incompetent, irrelevant, and immaterial, the objection that it was inadmissible un-

der the pleadings not being specifically made. If the evidence had been admitted, assuming that it was otherwise competent, we would not have reversed on that ground; but it by no means follows that we should reverse where evidence is excluded which is inadmissible under the pleadings merely because that objection was not specifically made.

Order affirmed.