## WILLIAM WELLENDORF and Another v. LOUISA WELLENDORF.[1]

February 7, 1913.

Nos. 17,861—(175).

**Assignment of mortgage — recorded after death of assignor.**

An assignment of a mortgage upon real property, though not recorded until after the death of the assignor, is valid and superior to the rights of the heirs of the assignor, who are not, within the recording act, in the position of subsequent bona fide purchasers.

**Unacknowledged assignment.**

An unacknowledged assignment of a mortgage is valid between the parties; the acknowledgment thereof being essential only to entitle it to record.

**Evidence.**

Evidence *held* insufficient to justify a finding that the assignment above referred to was obtained by fraud or undue influence.

Action in the district court for Scott county by William Wellendorf and F. E. Logelin, as administrator of the estate of John Wellendorf, deceased, with the will annexed, to adjudge that a certain mortgage and the debt secured thereby were the property of decedent at the time of his death, and that the assignment thereof from him to defendant and the record thereof be declared fraudulent and annulled. The case was tried before Morrison, J., who at the close of

1 Reported in 139 N. W. 812.

plaintiff's case granted defendant's motion to dismiss the action. From an order denying a new trial, plaintiffs appealed. Affirmed.

*F. C. Irwin,* for appellants.

*Peck & Moriarty,* for respondent.

BROWN, C. J.

Action to set aside and discharge of record an assignment of a real estate mortgage, in which, at the close of the trial below, an order of dismissal for the failure of plaintiff to establish a cause of action was entered, and plaintiffs appealed from an order denying a new trial.

It appears that John Wellendorf was in his lifetime the owner of a real estate mortgage securing the payment of $900, which was duly recorded in the office of the register of deeds. By an instrument in writing he assigned the mortgage to defendant, his wife, and the assignment was, after the death of Wellendorf, duly recorded. Defendant was the second wife of Wellendorf, and plaintiff William Wellendorf is a son of the first marriage, and the sole surviving heir of his father's estate. Wellendorf and defendant were duly married some time in the year 1901, and thereafter continued to reside together as husband and wife until the time of his death, which occurred on June 25, 1911. He was at that time 81 years of age. He executed the assignment of the mortgage on March 2, 1911. The complaint alleges the execution of the instrument, the record thereof after the death of Wellendorf, and charges that the execution thereof was obtained by fraud and undue influence, and by taking advantage of the enfeebled mental and physical condition of Wellendorf. The answer put these allegations in issue.

Plaintiffs offered in evidence on the trial the record of the mortgage, the assignment thereof to defendant, and the record of an antenuptial contract between Wellendorf and defendant, entered into prior to and in consideration of the marriage; also notice of lis pendens in the action. Defendant was then called for cross-examination, and the fact of, and circumstances surrounding, the execution of the assignment of the mortgage, were brought out. Defendant testified that she took the mortgage to a banker in the village of

the residence of the parties and requested him to draw an assignment from Wellendorf to her; that the assignment was written out, and she returned with it to her home, where her husband signed it. Defendant afterwards returned to the banker, and he then, but not in the presence of Wellendorf, or pursuant to any authority from or communication with him, attached an acknowledgment in due form of law, and signed the instrument as a witness. A clerk in the bank also signed as a witness. Neither was, however, in fact a witness to the signature of Wellendorf. Defendant also testified that Wellendorf was not at the time in good health, that he was gradually failing, but was "pretty well at that time." She further testified that she placed the assignment in a box in which family papers were kept, where it remained until after the death of Wellendorf, some three months later, when she caused it to be recorded. With this evidence plaintiffs rested their case. There was no evidence of undue influence, none of mental incapacity on the part of Wellendorf, nor that defendant procured her husband to assign the mortgage by any acts of misrepresentation or fraud. For aught that appears, the assignment was the voluntary act of Wellendorf, though it does not appear that any consideration therefor was paid by defendant.

In this situation of the pleadings and evidence it is clear that a cause of action was not established, and the trial court rightly dismissed the action. The contention that the evidence would sustain a finding that the assignment was not executed by Wellendorf is not sustained. While it is true that it was not acknowledged by him in the manner required by law to entitle it to record, as between the parties such acknowledgment was not essential to the validity of the instrument as an assignment of the mortgage (1 Dunnell, Minn. Dig. 15; Roberts v. Nelson, 65 Minn. 240, 68 N. W. 14), though to entitle it to record a proper acknowledgment was necessary. And it was valid, though not recorded until after the death of Wellendorf. Collup v. Smith, 89 Va. 258, 15 S. E. 584. An heir or legatee does not come within the recording act as a bone fide purchaser.

The further contentions that there was no delivery of the assignment, or valuable consideration paid therefor, are not sustained. The question of delivery was not an issue under the complaint, and

the evidence is silent upon the question of consideration. The court cannot well presume that the assignment was not delivered, or that it was without consideration. The burden of proof was upon plaintiffs, and the evidence offered is wholly silent upon both questions. The antenuptial contract has no pertinent bearing upon the questions involved in the action. The purpose of that contract was to reserve to each party their property and property rights, precisely as though no marriage took place between them, and each thereby reserved the right to sell and dispose of his or her separate property free from any claims on the part of the other. Clearly Wellendorf had the right to sell or give the mortgage to his wife, and he was not prevented from so doing by that contract.

Our conclusions, therefore, are in harmony with those of the learned trial court, and the order appealed from is affirmed.