IN RE APPLICATION OF GALEN L. FINNEGAN FOR
CERTIFICATE OF TITLE TO REAL ESTATE.
MARGARET C. FINNEGAN, APPELLANT.
ANNIE E. GUNN, RESPONDENT.[1]

May 10, 1940.

No. 32,346.

*Jenswold & Dahle,* for appellant.
*Willard A. Rossman* and *Ralph A. Stone,* for respondent.

[1]Reported in 292 N. W. 22.

HILTON, JUSTICE.

This is an appeal from an order of the district court for Itasca county denying the motion of Margaret C. Finnegan for a new trial.

The issues were framed on cross petitions in an action to register a certain deed. The background of the litigation is this. Prior to December 31, 1930, Bernard C. Finnegan was the owner of an undivided interest in certain realty. On February 5, 1932, Finnegan, without joinder of his wife, Margaret C. Finnegan (hereafter called appellant), executed an instrument in the form of a mortgage in favor of Daniel M. Gunn. Gunn died, and his widow, the respondent Annie E. Gunn (hereafter called respondent), acquired the rights of her husband. The final decree in the probate of Gunn's estate was made May 9, 1933. On December 17, 1934, Bernard C. Finnegan died and devised his entire estate to his wife, the appellant.

The instrument was never presented for registration as a mortgage, and appellant did not have notice of its existence prior to her husband's death.

The trial court ordered that the instrument should be registered as a valid lien against the undivided two-thirds of the one-sixth interest owned by Bernard C. Finnegan at his death, but it was not to be registered as a lien upon the undivided one-third of the undivided one-sixth. Dissatisfaction resulted in this appeal.

2 Mason Minn. St. 1927, § 8293, provides:

"An owner of registered land may * * * mortgage * * * * or otherwise deal with the same as fully as if it had not been registered. * * * No voluntary instrument of conveyance purporting to convey or affect registered land, except a will, and a lease for a term not exceeding three years, shall take effect as a conveyance, or bind or affect the land, but shall operate only as a contract between the parties, and as authority to the registrar to make registration. The act of registration shall be the operative act to convey or affect the land."

Section 8300 provides that the owner may mortgage the land, but the instrument "shall be registered, and shall take effect upon the title only from the time of registration."

Appellant argues that the title passed by the will under § 8293 at the time of her husband's death without reference to registration. Consequently her position is that she acquired the title at a time when there was no mortgage registered and when she did not have notice of respondent's claim. To appellant, the question whether a mortgage in which the spouse does not join can be registered is not involved.

Respondent argues that the mortgage can be registered and that appellant, a devisee, does not take the title paramount to the rights of the respondent.

Certain premises are not open to dispute and can be disposed of summarily. Manifestly, the instrument executed by Finnegan could not create a lien until it was registered. It is the act of registration which operates to convey and effect the title except in the case of a will or a lease for a term not exceeding three years. 2 Mason Minn. St. 1927, § 8293. Appellant became vested with the title to the property upon which the lower court ordered the mortgage to be registered as a lien by the operative effect of her husband's will.

Finnegan, while alive, held the title unfettered in the registry by the purported mortgage. The instrument could not operate until registered (assuming it could be), and up to that time was no more than a contract and authority, at least so far as Finnegan was concerned, to the registrar to register it as a mortgage. Until properly registered there was no lien although the money which the instrument sought to secure had already been paid over. But the instrument did give rise to certain equities between the parties despite the fact that no lien was created. Nothing in the Torrens system indicates that the ancient concepts of equity are not applicable under such circumstances. In equity, although Finnegan had legal title, he nevertheless held it for the benefit of Gunn to the extent of the security. Federal Nat. Bank v. Gaston, 256

Mass. 471, 152 N. E. 923. This conclusion does not create a lien by judicial decision contrary to statute. Rather it is the recognition of the simplest notions of justice and good faith. Between the parties, the fact that the title was registered does not alter the appropriateness of applying this principle here. Of course, since a lien did not exist, equities running in favor of Gunn were subject to destruction by the power Finnegan necessarily possessed. But he was under the obligation to respect the equities created. On Gunn's death, his widow acquired the same rights as successor to her husband. The mere fact that the instrument only operated as a contract until registered does not prevent. this conclusion.

Appellant, as devisee, is not in a position to assert a superior claim. She is not in the position of a *bona fide* purchaser of the legal title. Wellendorf v. Wellendorf, 120 Minn. 435, 139 N. W. 812, 43 L.R.A.(N.S.) 1144 (decided under the recording act). She did not acquire her interest on the faith of the registered title. Instead, she merely succeeded to the rights of her husband, and attached to them were the duties. True, these duties were not imposed by statute, and of course, like any duty, could be violated. But still they existed as much as to her as to her husband. Respondent, on the other hand, succeeded to the rights of one who in all justice was entitled to obtain the security which the land was intended to afford. In view of this, the trial court correctly ordered the mortgage to be registered as a lien although appellant acquired the property by will and was under no obligation to register so far as acquisition of title was concerned. Conceding that title was acquired when there was no registered mortgage and when appellant did not know that the instrument in question had been executed, still there is no reason why she should now be favored. Reason does not furnish any justification for cutting off the equities at this stage.

The foregoing presupposes that a mortgage of this character can be registered on order of the district court. If it cannot, the trial court was in error.

While a mortgage of registered land in which the spouse does not join should not be favored under the Torrens system, we think that under the facts the trial court could properly order the registration of the instrument. Decision does not compel us to go beyond this. The interest of the spouse was definitely determined on Finnegan's death, and appropriate memorials on the certificates can be made to protect all those who might deal with the registered title. Clearly the instrument was not invalid. If the land had not been registered, Finnegan could have mortgaged it subject to appellant's interest. 2 Mason Minn. St. 1927, § 8196. By 2 Mason Minn. St. 1927, § 8293, it is enacted:

"An owner of registered land may * * * mortgage * * * or otherwise deal with the same as fully as if it had not been registered."

Consequently we are dealing largely with the problem of how to properly protect the records which are the very basis of the Torrens system. By 2 Mason Minn. St. 1927, § 8301, the owner's duplicate must be surrendered in order to register a mortgage. The registrar "shall enter upon the original certificate of title and also upon the owner's duplicate certificate a memorial of the purport of the instrument registered." The particular mortgage and its nature can adequately be made to appear in the memorial, and under the circumstances the district court could properly order it to be registered.

As to whether the lower court was correct on ordering the mortgage to be registered as a paramount lien against only two-thirds of the undivided one-sixth, we express no opinion. The question is not here.

There being no error below, the order appealed from is affirmed.

MR. JUSTICE STONE and MR. JUSTICE LORING took no part in the consideration or decision of this case.